CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RK

JUL 02 2013

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HECTOR MOREL, | ) | Civil Action No. 7:12-cv-00423 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN ZYCH, et al., | ) | By: Hon. Jackson L. Kiser |
| Respondents. | ) | Senior United States District Judge |

Hector Morel, proceeding pro se, filed a petition for a writ of habeas corpus seeking to vacate a thirty-five month sentence imposed by the United States Parole Commission ("Commission"). Respondents filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I dismiss the action as moot because petitioner completed the sentence he currently challenges.

I.

On April 20, 2005, petitioner was released from prison for his conviction for distributing cocaine, in violation of the laws of the District of Columbia, and began a five-year term of supervised release under the Commission's jurisdiction. United States v. Morel, Case No. 2001-FEL-007383 (D.C. Sup. Ct. Aug. 6, 2002). On February 22, 2006, the Commission issued a warrant accusing petitioner of violating conditions of supervised release by, inter alia, committing an assault with a dangerous weapon, in violation of District of Columbia Code § 22-402.

On September 29, 2006, while the supervised release violation warrant was pending, the Superior Court of the District of Columbia ("Superior Court") sentenced petitioner to sixty months' incarceration followed by three years' supervised release for committing the assault

with a dangerous weapon. On April 18, 2007, the Commission updated the warrant to reflect the assault conviction.

On July 10, 2010, petitioner completed the sixty month sentence imposed by the Superior Court after serving fifty-three months due to time credits, but he was kept in custody because the Commission executed its warrant on petitioner at the United States Penitentiary in Lee County, Virginia, on July 9, 2010. The Commission notified petitioner on September 17, 2010, that it would conduct a hearing to determine whether to revoke petitioner's supervised release imposed for the cocaine distribution conviction. The first two hearing dates of October 4, 2010, and February 17, 2011, were postponed because petitioner wanted counsel who did not practice in the Western District of Virginia.

Consequently, petitioner's hearing was postponed until November 3, 2011, when he was transferred to the Philadelphia Detention Center and represented by counsel from the Federal Public Defender's Office in Philadelphia. On December 16, 2011, the Commission reviewed the proceedings of the November 3, 2011, hearing and revoked petitioner's supervised release. Ultimately, the Commission imposed an eighty-eight month sentence that ran concurrently with the previously-served fifty-three month sentence, resulting in a remaining, active sentence of thirty-five months' incarceration.[1] This new thirty-five month active sentence started from July 9, 2010, which was the date the warrant was executed on petitioner. Notably, the Commission did not impose a new term of supervised release but did recognize that petitioner still had three years of supervised release to serve due to the assault with a dangerous weapon conviction entered by the Superior Court.

---

[1] Petitioner's appeals of the Commission's December 16, 2011, decision resulted in various clerical corrections.

Petitioner argues that the Commission violated the Separation of Powers Clause and Double Jeopardy Clause of the United States Constitution and committed the following procedural errors when it revoked his supervised release and imposed the thirty-five month prison sentence:

1. The Commission failed to give petitioner notice of the assault with a deadly weapon charge contained in a supplemental warrant application and deprived petitioner the right to allocute on the drug violation charge;

2. The Commission delayed the hearing for eighteen months when it should have conducted a hearing within ninety days of the violation warrant's execution, per regulation;

3. The hearing examiner was incompetent to rule on petitioner's procedural objections; and

4. The Commission unlawfully departed from its guidelines when it imposed the thirty-five month prison term.

Petitioner further alleges that his counsel rendered ineffective assistance, in violation of the Sixth Amendment of the Constitution, by not appealing the legality of the sentence.

Petitioner asks me to vacate the thirty-five month prison sentence imposed by the Commission after it revoked his supervised release imposed for distributing cocaine. However, the Bureau of Prisons released petitioner from custody on January 22, 2013, after he completed the thirty-five month active prison sentence imposed by the Commission and presently challenged by petitioner.

## II.

Article III of the United States Constitution confers jurisdiction to the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. Preiser v. Newkirk, 422 U.S. 395, 401 (1975); Torres v. O'Quinn, 612

F.3d 237, 259 (4th Cir. 2010). A claim becomes moot when the controversy between the parties is no longer live because the parties lack a legally cognizable interest in the outcome. See, e.g., Weinstein v. Bradford, 423 U.S. 147, 149 (1975). Mootness may occur during litigation when a change in circumstance eliminates a petitioner's interest in the outcome or a petitioner's need for the relief requested. Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002).

Petitioner filed this action to "vacate the illegal sentence imposed by [the Commission] . . . in [United States v. Morel, Case No. 2001-FEL-007383 (D.C. Sup. Ct. Aug. 6, 2002)]: Supervised Release Revocation. . . ." (Pet. 15.) However, petitioner completed the challenged term of incarceration imposed for violating supervised release required by United States v. Morel, Case No. 2001-FEL-007383 (D.C. Sup. Ct. Aug. 6, 2002). "[C]ourts considering challenges to revocations of supervised release have universally concluded that such challenges also become moot when the term of imprisonment for that revocation ends." United States v. Hardy, 545 F.3d 280, 283-84 (4th Cir. 2008) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). "[I]n the absence of a presumption of collateral consequences, [a petitioner] bears the burden of demonstrating collateral consequences sufficient to meet Article III's case-or-controversy requirement." Id. (internal quotation marks omitted).

Petitioner cryptically argues that a "Special Drug Aftercare Condition" and violations of the Double Jeopardy and Separation of Powers Clauses constitute collateral consequences. Petitioner's arguments about double jeopardy are meritless. See, e.g., United States v. Woodrup, 86 F.3d 359, 363 (4th Cir. 1996) (recognizing double jeopardy does not apply to revocation proceedings). Petitioner's arguments that the Commission violates the Separation of Powers Clause and unlawfully usurps judicial authority are also meritless. See, e.g., Taylor v.

4

Hollingsworth, Civil Action No. DKC-07-970, 2007 WL 5614097, at *2, 2007 U.S. Dist. LEXIS 97859, at *6 (D. Md. Oct. 9, 2007), aff'd, 280 F. App'x 294 (4th Cir. 2008) ("The Commission does not exercise a judicial function and its decisions do not violate the separation of powers."). The Commission's administration of supervised release for District of Columbia convicts is the lawful exercise of authority granted by Congress and the District of Columbia Council. See, e.g., 18 U.S.C. §§ 4201, et seq.; National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. 105-33, §§ 11231(a)(1), 11233(c)(2); 28 C.F.R. §§ 0.124, 2.218; D.C. Code §§ 24-133(c)(2), 24-403.01(b)(6).

The "Special Drug Aftercare Condition" to which petitioner refers is discussed in the Commissions' December 16, 2011, revocation order:

> You shall be subject to the Special Drug Aftercare Condition that requires you participate, as instructed by your Supervision Officer, in an approved inpatient or outpatient program for the treatment of narcotic addiction or drug dependency. The treatment program may include testing and examination to determine if you have reverted to the use of drugs. You shall abstain from the use of alcohol and all other intoxicants during and after the course of treatment. If so instructed by a Bureau of Prisons institutional employee or your Supervision Officer, you shall reside in and participate in a program of, the Re-Entry and Sanctions Center until discharged by the Center Director.

(ECF no. 20-14 at 1 (emphasis added).) Notably, petitioner does not allege that he has ever been instructed by anyone to participate in a Special Drug Aftercare program. Petitioner's mere recitation of this condition described in 2011 before his release from incarceration in 2013 is not sufficient to establish that the condition now constitutes a collateral consequence to an already completed sentence.

Even if petitioner's claims of various procedural defects in the revocation proceedings were true, there is nothing for me to remedy with respect to the already-served thirty-five month

5

prison sentence.[2] Accordingly, I am persuaded that petitioner's personal interest in litigating proceedings underlying the thirty-five month sentence ceased once petitioner completed the thirty-five month sentence, and consequently, no case or controversy remains. See Spencer, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.").

### III.

For the foregoing reasons, I grant respondents' motion to dismiss and dismiss petitioner's petition for a writ of habeas corpus.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTER**: This 2nd day of July, 2013.

Senior United States District Judge

---

[2] I recognize petitioner is still subject to supervised release for the conviction of assault with a dangerous weapon, but he does not challenge proceedings related to the Superior Court's imposition of that sentence.